JAMES M. GILCHRIST, JUDGE, &C., FOR THE USE OF JOHN M. W. DAVIDSON, APPELLANT, VS. BANKS MEACHAM, ADMINISTRATOR OF WILLIAM D. HARRISON, DECEASED, APPELLEE.

A *scire facias* on a judgment on a guardian's bond, suggesting other and further breaches of the condition of the bond, and praying execution for the damages thereby sustained, is a continuance of the old suit.

In *scire facias*, therefore, against the administrator of a surety to a guardian bond, on a judgment rendered against such administrator for the penalty, he is estopped to set up any defence which existed anterior to the judgment.

Where the judgment recited in the *scire facias* was rendered in the spring of 1844, and the administrator pleaded a discharge from his administration, bearing date the 16th February of the same year—Held, that the plea was bad, because the matter of defence existed anterior to the rendition of the judgment.

Appeal from a judgment of the Circuit Court of the County of Gadsden, at Fall Term, 1849.

The nature of the proceeding in the Court below, of the defence set up, and all matters necessary to be stated, are set out at length in the opinion pronounced by this Court.

*Thompson*, for appellant :

This is a proceeding by *scire facias* on a judgment rendered May 8, 1844, by the Superior Court of Gadsden County, in favor of David L. White, Judge, &c., against the defendant, on a guardian's bond, for the penalty of $8,000—suggesting other and further breaches of the condition of said bond, and praying execution for the damage sustained by such breaches.

The defendant *inter alia* pleaded—

4thly. That he was discharged from his said administration on the 16th day of February, 1844.

5thly. That he was discharged from his said administration on the 16th day of February, 1844, and this suit is not brought within five years after the date of said discharge.

To which pleas, the plaintiff demurred, and the Court below overruled the demurrer, and gave judgment for the defendant, and this decision and judgment is now assigned for error in this Court.

The discharge set up in these pleas being alleged to have occurred on the 16th day of February, 1844, anterior to the judgment set forth in the *scire facias*, we maintain, is not available to the defendant as a defence.

It is a maxim in law, that there can be no averment in pleading against the validity of a record—therefore no matter of defence can be pleaded, which existed anterior to the recovery of the judgment. 1 Chitty's Pleading, 521, 522.   2 Tidd's Practice, 1130, 1131, and authorities cited in the margin.   Moore vs. Bowmaker, 2 Marsh R. 392.   McFarland vs. Irwin, 8 John. R., 61.   Henriques vs. Dutch West India Company, 2 Lord Raymond, 1532.   Allen vs. Andrews, Cro. Eliz., 283.   Cook vs. Jones, Cowp., 727.   2 Saund. R., 72 —n.

The judgment of May 8, 1844, is conclusive upon the defendant— that he was then the administrator of the estate of William D. Harrison, and estops him to deny the fact.   The plea sets up a discharge prior to the judgment, to wit : on the 16th February, 1844, which is inadmissible, because its effect is to impeach the verity of the judgment.

The demurrer should have been sustained by the Court below.

*DuPont,* for appellee :

This is a writ of *scire facias* to show cause why execution should not issue upon alleged breaches of a guardian bond, given by W. H. Wilder.   A judgment had been recovered *for the penalty* of the bond against the defendant, as administrator of W. D. Harrison, deceased, who was one of the sureties on the said bond, and at the relation of two other parties interested in the said bond ; and this proceeding is instituted under the provisions of the statute of 8 and 9 William 3d.

The pleas are as follows, viz :

1st.  " *Nul tiel Record.*"

2d.  " *Non detinet.*"

3d.  " *Plene administravit.*"

4th.  " Discharge from office of administration."

5th.  " Statutory bar by limitation."

6th.  Partial payment, (special.)

Plaintiff took issue on the *first*, and demurred to the balance of the defendant's pleas.   In the progress of the cause, the defendant with-

drew his *third* plea, and the plaintiff thereupon withdrew his demurrer thereto. The plaintiff also withdrew his demurrer to the sixth plea, upon the defendant having amended the same ; so that the only question upon this appeal is in regard to the judgment of the Court upon the second, fourth and fifth pleas.

The grounds of demurrer to the second plea are as follows, viz :

1st. That the plea is inapplicable, the recovery set forth in the *scire facias* being the foundation of the suit.

2d. That the said plea is contrary to what is admitted by the judgment.

For the defendant, it is contended that the " covenants or conditions" of the bond, and not the *former judgment* for the penalty, constitutes the foundation of the suit; and in this connection it may be advisable to inquire into the history of " debt on bond," prior to the passage of the statute of 8 and 9 William 3d.

Prior to the passage of that statute, the plaintiff not only had judgment for the penalty of the bond, but was entitled to take out execution for the whole, without any regard to the damages which he had actually sustained by the breach of the covenants, and the only remedy of the defendant against so unconscientious a demand was by application to a Court of equity. It was to obviate the necessity for this application, that the statute was enacted, restricting the amount of the execution *to the actual damages sustained.*

The statute further provides that the judgment for the penalty *shall remain as a further security*, to answer to the plaintiff such damages as he may sustain for any further breach of the covenants contained in the bond. This provision in the statute was wisely inserted, as being absolutely necessary to avoid the plea of " former recovery" to any subsequent suit upon the same bond, for further breaches of the conditions thereof. Vide 1 Saund. R., 57, note 1. 2 Saund. R., 187, e.

The force of the objection urged to the plea, seems to lie in the assumption that the " *scire facias*" is but a continuation of the old suit, whereas we contend, as follows, viz :

I. That this present proceeding is of the nature of an original action. 8 Bac. Ab., 598. 2 Will. Black. R., 1226. Putteny vs. Townsand. 2 Williams R., 251. Grey vs. Jones. 6 John R., 106. Gorrigal vs. Smith, et. al.

II. The *scire facias* is an action to which the defendant is entitled to plead. 8 Bac. Ab., 598, note b. 2 Will. R., 251. 2 W. Black. R., 1226.

III. The *words* of the statute of 8 and 9 Will. 3d, provides that the same proceedings shall be had upon the *scire facias* as in the original action. 1 Saunders R., 58.

If the foregoing positions are correct, then we are entitled to plead —and if to plead, then the question arises, is the plea of " *non deti-net*" applicable ? In answer to this inquiry, we assume as follows, viz:

1st. That the record or judgment recited in the writ, is only "matter of inducement" and does not constitute the *foundation* of the action, and consequently that the plea is applicable. 1 Chitty's Pleadings, 485.

As to whether the original judgment is the foundation of the proceeding by *scire facias*, or only " *inducement*," this seems to be the true distinction, viz : That if the writ be sued out to *revive a judgment*, or to obtain *execution for the original judgment*, then the original judgment constitutes the foundation ; but if to *assess damages under further breaches*, then it is only matter of *inducement*, and does not estop the defendant from making any defence which would have been admissible to the original action. Vide 8 Bac. Ab., 598, showing a distinction in the writs.

The grounds of demurrer to the 4th plea are as follows, viz :

1st. That the judgment against the said defendant, as administrator of W. D. Harrison, deceased, set forth in said *scire facias*, was recovered subsequently to the date of the said discharge in the said plea pleaded, and said defendant is estopped by said recovery to set up any matter of defence which existed anterior thereto.

2d. That the said discharge pleaded, doth not in law, release the defendant from a recovery against him as such administrator, to be levied of assets in hand.

3d. That the said plea is informal, &c.

IV. To the first ground of demurrer we reply,

1st. That a plea of " discharge,"to be good, must set forth that it was obtained prior to the *commencement* of the action, and as the discharge pleaded did not in point of fact, exist at the time of the *commencement* of the original action, it could not have been pleaded to that action ; and its having been obtained prior to the date of the ori-

ginal judgment, neither invalidates it, nor does it operate to impair its weight as a defence to the present proceeding—it is analagous to the plea of *plene administravit.*

2d. That this objection is based upon the erroneous assumption that the present proceeding is but a *continuation* of the original action ; whereas we have fully demonstrated that it is a substantive and original action of itself.

V. To the 2d ground of demurrer, we reply,

1st. That the *record evidence* of the amount of the recovery to be levied of assets in the hands of the administrator is limited to the amount of the *damages* assessed in the original action on the bond, and that the judgment for the penalty was no bar to the obtaining of his discharge under the provisions of the statute.

2d. The position assumed in this ground of demurrer, leads to this absurdity : that an executor or administrator under a judgment against him for the penalty of a bond, may protect himself, *pro tanto,* from any distribution of the estate, even though the penalty, (*qua penalty,*) cannot be enforced against him.

3d. If the position which we have assumed, viz : " that this proceeding is in the nature of an original proceeding," be correct, then this plea is good under the decision of our Supreme Court. 1 Florida Reps., 332, Gadsden vs. Jones.

The grounds of demurrer to the 5th plea, are as follows, viz :

1st. Same as 1st objection to last plea, and same reply.

2d. For that the said plea is *double* in setting up the matter of discharge and a limitation of five years.

3d. For that there is no limitation of five years provided by law in which suit shall be brought on judgments against executors rendered against them in their fiduciary character.

VI. To the second ground of demurrer we reply :

That the discharge and " limitation," though distinct *facts,* make up but one defence. Chitty's Plead., 531–2.

VII. To the third ground of demurrer we reply :

That a recovery in this case goes against the defendant *personally,* inasmuch as the execution will issue " against the goods and chattels in the hands of the defendant."

VIII. The whole force of the plaintiff's objections to the defendant's pleas, is based upon the doctrine of " Estoppel." To this we

reply, that matter of " Estoppel," to be binding, must be *mutual*, and as nothing in the record of the original suit on the bond can be alleged against *these " relators"* by way of estoppel, neither will any thing therein be binding upon the defendant in this proceeding. Com. Dig., " Estoppel," B. and C.    Co. Litt., 352—e.    Gilb. Ev., 28. 2 John. R., 382.

DOUGLAS, C. J.

This proceeding was instituted by *scire facias* in the Circuit Court of Gadsden County by James M. Gilchrist, Judge of Probate, &c., for the use of John M. W. Davidson, administrator, &c. of Edward H. Wilder, deceased, against Banks Meacham, administrator of William D. Harrison, deceased, against which said Banks Meacham as aforesaid, theretofore, to wit : At the Spring term of the Superior Court of said County, in the year 1844, David L. White, Judge, &c., the predecessor in office of the plaintiff in this suit, had recovered a judgment for a debt of eight thousand dollars, upon a certain writing obligatory, bearing date the 15th day of April, in the year 1836, whereby the said William D. Harrison, with one William H. Wilder and one Ira Sanborn, became jointly and severally held and jointly bound unto the said David L. White, Esq., Judge of the County Court for the County of Gadsden aforesaid, and his successors in office, in the said sum of $8,000, to be paid, &c. under a certain condition, reciting that, whereas the said William H. Wilder had that day been duly appointed guardian of the persons and property of Jesse W. Wilder, Betsey L. Wilder, Edward H. Wilder and Godfrey S. Wilder, minors and orphan children of Hezekiah Wilder, late of Gadsden County, deceased, it was declared that if the said William H. Wilder should well and truly perform the duties of guardian to the said minors, agreeably to the statutes of the said (then) Territory of Florida in such case made and provided, then the said bond to be null and void, otherwise to remain in full force and virtue—which said sum so recovered was to be levied of the goods and chattels, lands, tenements and estate of the said William D. Harrison, deceased, in the hands of the said Banks Meacham, administrator, &c. as aforesaid, to be administered ; and if the goods, chattels, lands, tenements and estate of said deceased whereon to levy could not be found, *that then* the same be levied of

the proper goods and chattels of the said Banks Meacham ; and that execution do issue on said judgment, to make the sum of fifteen hundred and two dollars and eight cents, to be levied as aforesaid, and the costs, &c., for the benefit of Lewis Gregory, guardian of Godfrey and Jesse Wilder ; and said judgment to stand as security, for the benefit of others, who may be damnified by any past or future breach of the condition thereof; which said writ of *scire facias*, amongst other things, recited that the said William H. Wilder, (on the 25th of March, 1840,) as guardian, as aforesaid, presented his accounts and vouchers to the said County Court of Gadsden County, whereby it appeared to the said Court that he had received of the assets of the minors, as guardian as aforesaid, the sum of $2,222 97-100, and had accounted for the disbursement of $78 81-100, thereby leaving a balance due from him as such guardian in his hands the sum of $2,144 16-100, which he failed to pay, and was consequently by the order and decree of the Court displaced as guardian as aforesaid ; and the said *scire facias* stating the transfer of. the first named judgment into the said Circuit Court, according to law, further recites that " whereas it hath been and is duly suggested by the said James M. Gilchrist, Judge of Probate as aforesaid, and successor of said David L. White, Judge as aforesaid, in our said Circuit Court of the Middle Circuit for the County of Gadsden, as and by way of another and further breach of the said condition of the said writing obligatory, than the breach so assigned as aforesaid, that there was and is due to Edward H. Wilder, one of the wards of the said William H. Wilder, out of the funds so found upon his account to be due from him to his wards, a large sum of money, to wit: the sum of $1,000, and that the said Wm. H. Wilder did not pay to the said Edward H. Wilder, or his lawfully appointed guardian, in the life-time of the said Edward ; and the said Edward having departed this life intestate, and all and singular the goods and estate of the said Edward H. Wilder were in due form of law committed to John M. W. Davidson, of the County of Gadsden aforesaid ; and the said William H. Wilder hath not, since the death of the said Edward, paid to the said John M. W. Davidson, administrator as aforesaid, the share or portion to which he, the said Edward, was and is entitled as aforesaid, and which said sum is still in arrear and unpaid, contrary to the form and effect of the said writing obligatory—for which said last

226 SUPREME COURT

Gilchrist, Judge, &c. vs. Meacham, Administrator.—Opinion of Court.

mentioned breach of the aforesaid condition of the said writing obli-ligatory, the said James M. Gilchrist, Judge of Probate as aforesaid, suing for the use of the said John M. W. Davidson, administrator as aforesaid, hath humbly besought us to provide him a proper remedy. And we being willing that what is just in this behalf should be done, do, according to the form of the statute in such case made and pro-vided, command you, that by honest and lawful men of your county, you make known to the said Banks Meacham, that he be before us at a Circuit Court, to be held in and for the County of Gadsden, on Monday, the 21st of May inst., (1849,) to show cause why execu-tion should not be had and awarded against him upon the judg-ment so obtained as aforesaid, for the damages to be assessed by reason of the last mentioned breach of the said condition of the said writing obligatory, &c. To which said writ of *scire facias*, the de-fendant pleaded—

First. *Nul tiel* record.

Second. *Non detinet.*

Third. That he had fully administered, which he withdrew.

Fourth. That, on the 16th day of February, 1844, in the county aforesaid, he was by competent authority, to wit, by the order of the Judge of the late County Court of Gadsden County, duly and law-fully discharged of and from his administration of the said estate of the said William D. Harrison, deceased, as appears by the record remaining in the office of the Judge of Probate for the said County of Gadsden. And this, &c.

Fifth. The same discharge ; and that this suit hath not been com-menced within five years from the date of the said discharge, but that more than five years had elapsed between the date of the said discharge and the date of the commencement of the same. And this, &c.

Sixth. That there was assessed in the former suit a large portion of the interest of the said Edward H. Wilder, deceased, &c.

To the first plea, the plaintiff filed a general replication.

And demurred to the second, assigning for cause—1st. That the plea is inapplicable, the recovery set forth in the *scire facias* being the foundation of the suit. 2d. That the plea is contrary to what is admitted by the judgment.

The third plea was withdrawn.

To the fourth plea, the plaintiff demurred, and assigned the following cause : 1st. "For that the judgment against said defendant, as administrator, &c., of William D. Harrison, set forth in the said scire facias, was recovered subsequently to the date of the said discharge in the said plea pleaded, and the said defendant is estopped by the said recovery, to set up any matter of defence which existed anterior thereto. 2d. For that the said discharge pleaded, doth not by law release the defendant from a recovery against him as such administrator, to be levied of assets in hand. 3d. For that the said plea is in other respects, uncertain, informal, and insufficient. To the fifth plea the plaintiff also demurred, and assigned the following causes : 1st. That the judgment against the said defendant, as administrator, &c., of William D. Harrison, set forth in the scire facias, was recovered subsequently to the date of the said discharge by the said plea pleaded, and said defendant is estopped by the said recovery to set up any matter of defence which existed anterior thereto. 2d. For that the said plea is double, setting up the matter of discharge and a limitation of five years. 3d. For that there is no limitation of five years provided by law in which suits shall be brought on judgments against executors rendered against them in their fiduciary character. 4th. For that the said plea is in other respects, uncertain, informal and insufficient. To the sixth plea the plaintiff joined issue. And after argument, the plaintiff's demurrer to the fourth and fifth pleas were overruled. Whereupon judgment was entered that the plaintiff take nothing by his scire facias, &c. And the plaintiff thereupon prayed an appeal to this Court, which was granted accordingly.

The question presented for our consideration in this case is, whether the Court erred in overruling the plaintiff's demurrers to the fourth and fifth pleas of the defendant. And as to this, it is contended on behalf of the defendant, that a plea of discharge to be good, must set forth that it was obtained prior to the commencement of the action, and as the discharge pleaded did not in fact exist at the time of the commencement of the original action, it could not have been pleaded to that action, and its having been obtained prior to the date of the original judgment, neither invalidates it, nor does it operate to impair its weight, as a defence to the present proceeding. That the objection to it is based upon the erroneous assumption that the pres-

ent proceeding is but a continuation of the original action, and it is insisted that the *scire facias* is not the continuation of the old suit, but is in the nature of an original action—that the *scire facias* is an action to which the defendant is entitled to plead. And from these propositions the conclusion is deduced, that the plea is a good defence to the action. Without admitting the correctness of this conclusion from the premises laid down, we may be permitted to examine as to the correctness of the proposition that the *scire facias* is not the continuation of the old suit. Why is it not? It is a proceeding instituted under the provisions of the statute of 8 and 9 William 3d, and it is admitted that the plaintiff, before that statute, not only had judgment for the whole penalty of the bond (in such a case as this) but was entitled to take out execution for the whole, without any regard to the amount of damages which he had actually sustained by the breach of the covenant or condition. To remedy this evil, and prevent the necessity of a resort to a Court of Chancery in such cases, that statute was passed, providing that the plaintiff might take out execution for the amount of damages which he might prove that he had actually sustained, and that the judgment for the penalty shall remain as a further security to answer to the plaintiff such damages as he may sustain for any further breach of the covenants contained in the bond. It is the same plaintiff, therefore, who sues for such further breach : it is the same defendant that is called upon to answer : it is the same judgment that is sought to be enforced : it is for damages sustained by the same party for a further breach of the same bond. And what is the remedy sought? Not another judgment for the whole penalty, but an execution on the same judgment to recover so much of the penalty of the same bond as the plaintiff may be able to show that he has sustained damages by a further breach of the condition thereof. It is true, the statute says the same proceedings shall be had upon the *scire facias* as in the original action; but surely this does not mean that another judgment shall be entered, for the whole penalty, upon the occurrence of any subsequent breach. Yet the judgment is a part of the original proceeding. The meaning and intent of the statute evidently is, that the defendant shall have a day in Court, as in the original suit : be permitted to make all proper defences, and that the same mode should be adopted to ascertain the damages as in the original suit, and that execution

should issue therefor as upon the first assessment of damages. The assumption, therefore, that the present proceeding is but a continuation of the original action not being erroneous, the objection to the fourth plea should have been sustained, and the Court erred in overruling the demurrer thereto.

And the same remarks are applicable to the fifth plea—for notwithstanding that plea sets forth an addition to the averment of the discharge as pleaded in the fourth plea, the limitation of five years—as the limitation is dependent upon the discharge, and dates from it, if the plea is not good as to that, it is bad " *in toto.*" The radical defect of both of these pleas, is, that they were filed too late ; for it is a well settled principle, that the defendant cannot regularly to a *scire facias* to have execution of a judgment (which is precisely the case at bar) plead that which might have been pleaded to the original action ; as where A., administrator to J. S., by virtue of administration granted to him by the Archbishop of Canterbury, brought debt against B., and had judgment to recover, and after the year brought a *scire facias* on the judgment—the defendant pleaded that the intestate had *nulla notabilia* in divers dioceses, and that after the judgment, the Bishop of London committed administration to the wife.   Upon demurrer, it was held, that this was a matter he could have pleaded before, and that it was annulling the record, which is not sufferable. 8 Bac. Abr., Ed. 1848, pages 624, 625, and numerous authorities there cited.

So, where in a *scire facias* on a judgment, the defendant pleaded the statute of usury : it was held no plea, because he should have pleaded it to the original action.   Ibid, and authorities cited.   So, if a *scire facias* be brought on a judgment in assize for the office of Marshal, the defendant cannot plead that the plaintiff was an alien enemy, for that was pleadable to the assize.   And as he admitted the plaintiff able to have judgment, he cannot now disable him to have execution. 2 Lord Raymond, 853. In the case of Wilson vs. Hurst's executors, 1 Peter's C. C. R., 441, the Court held, " that a payment which might have been pleaded in bar to an original *scire facias* to revive a judgment, cannot be pleaded or given in evidence on a second *scire facias.*"   It is a maxim in law, that there can be no averment in pleading against the validity of a record, though it may be against its operation ; therefore no matter of defence can be pleaded

which existed anterior to the recovery of the judgment.   1 Chitty's
Pleading, 522.   See also, 5 Serg. and Rawle, 65, and McFarland
vs. Irwin, 8 John. Reps., 61, 62, where this distinction is asserted,
and the rule is held to be the same, whether the judgment was ob-
tained by confession, or default, or upon plea.   And see Henriques
vs. The Dutch West India Co., 2 Lord Raymond, 1532.   Allen vs.
Andrews, Cro. Eliz., 283.   2 Saund. Rep., 72, note T, and note
V, and authorities there cited at page 229.   2 Tidd's Pr., 1131, and
authorities there cited.

In the case of Sessions vs. Stephens, 1 Flor. Rep., 241, this Court
said, " there can be no judicial inspection behind the judgment save
by appellate power," citing Voorhees vs. Bank of the United States,
10 Peters' Reps., 499, and Grignons' Lessees vs. Astor, 2 How.,
343.   In a note to the case of Trethewy vs. Ackland, 2 Saund. Rep.,
51, it is said that " It has been adjudged that the defendant, the ex-
ecutor, may confess a judgment to a creditor of equal degree with the
plaintiff pending the action, and plead it in bar, and though it be
done for the express purpose of depriving the plaintiff of the debt, it
is good both in law and equity," citing Waring vs. Danvers, 1st P.
Wms., 295, which fully sustains this principle, and see 1 Saunders'
Reps., page 333, d, note e and authorities there cited.

In Coleman vs. Hall, administrator, 12 Mass. R., 572, the Court
said " It is perfectly well settled in the English Courts, that an exec-
utor or administrator cannot plead *plene administravit* to a *scire facias*
on a judgment obtained against him."   The learned counsel who
argued this case for the defendant (in the Court below,) the appellee
in this Court, held the plea of discharge to be analagous to the plea of
*plene administravit*—if it be so, it would seem that it cannot be plea-
ded by an administrator or executor to judgment obtained against him
since such discharge was granted.   When it is said in the books
that an executor or administrator may, to debt on judgment, plead
*plene administravit*, it means according to our view of the matter, a
judgment obtained against the testator or intestate in his life time, of
which such executor or administrator had no notice before he had
fully administered.

When an administrator is sued in England, if he does not dispute
the justice of the demand, he has only to consider whether he has in
his hands goods and estates of the deceased sufficient to pay the debt,

and whether there are any other creditors, whose debts have the priority according to law. The amount of assets in his hands is necessarily within his own knowledge, and as to other creditors, he is not required nor authorized to retain funds for them, unless he have notice of the existence and nature of their debt. *Ibidem.* And our law is the same on this subject, except so far as our statutes may re-require the creditors of an insolvent estate to be paid *pro rata.*

The view which the learned counsel for the appellee took at the argument of this case, that the plea of discharge, to be good, must set forth that it was obtained prior to the commencement of the suit, is not, we think, in accordance with the principles assumed and maintained by the majority of this Court in the case of Gadsden vs. Jones, administrator, 1 Flor. Reps., 332 to 346, which we have again reviewed, and with the decision in which we perceive no cause to be dissatisfied. One of the positions most strongly relied on in that case, was, "that Jones, the administrator, having had notice of the plaintiff's (Gadsden's) demand, his duty, as administrator, was fixed by law, and from that responsibility it was not the design of the Legislature to release him; that it would have been no valid objection to the release contemplated by the statute for any creditor to object that he had not yet paid a debt of which he had notice:" The ready answer would have been, "I retain for it," (see page 334.) But the Court held the plea of discharge good in that case notwithstanding the alleged notice, on the ground (see page 344,) that the discharge was a judgment of a Court of competent jurisdiction which we were not at liberty to disregard, and that such judgment was rendered "in a proceeding where the Court (after due notice) acts upon the application of the party to whom administration was granted, (and who seeks a discharge) and cannot grant such discharge until it shall appear that the said applicant has faithfully and honestly discharged the trust and confidence reposed in him or her." See page 339.

And after stating the evil, which, as the Court believed, led to the passage of the act, under the authority of which the discharge was granted, the Court said—" The remedy intended by the Legislature was, we think, a speedy release from the duties of executor or executrix, administrator or administratrix, after a faithful and honest discharge of the trust, (page 341,) so far as regarded suits against

executors and administrators as such." The Court in that case could see no good reason why a person who had acted as executor or administrator, but who had obtained a discharge according to the provisions of the statute, after a full and faithful performance of all the duties of the trust which had been confided to him, after due notice, too, to all concerned, and without any concealment or fraud, should be harrassed with suits ; and it gave a liberal construction to the words of the act, " and the discharge so obtained shall be taken to operate as a release from the duties of executor or executrix, administrator or administratrix." " This language," said the Court, " is *in presenti*;" and in 8 Bacon's Abridgement, 624, title Scire Facias, is is said " that a release of all actions and executions is a good bar to a *scire facias*." And " if any matter of defence has arisen, after an issue in fact has been joined, or after a joinder in demurrer, it may be pleaded by the defendant, as that the plaintiff has given him a release." 1 Chitty Pl., 695. And if the defendant became bankrupt, and obtained his certificate after issue joined, he may plead this defence, *puis darrein* continuance. 1 Chitty's Pl., 696, 697 ; so award and satisfaction may be pleaded *puis darrein* continuance.— Watkinson vs. Inglesby & Stokes, 5 John. Reps., 392 ; and where two actions are brought for the same cause, satisfaction of the judgment in one suit may be pleaded *puis darrien* continuance to the other writ. Bowne vs. Joy, 9 John. Rep., 222.

In the case of Parkhill's administrator vs. The Union Bank of Florida, the revocation of letters of administration, and the delivery of the assets to the sheriff under an order of the Court, was pleaded *puis darrien* continuance, and held good—1 Florida Rep., 123 to 129—and the Court in that case said : " That *eo instanti* letters of administration were taken from her, (the administratrix,) she became as to the suit *civiliter mortua*." And in Gadsden vs. Jones, administrator, this Court held, " that it was the duty of the Judge of the County Court, before granting the discharge, (set up as a defence in that case,) to see that the defendants had well and truly administered, paid all the debts so far as the assets extended, and made a fair distribution of all the rest and residue of the estate according to law," (ibid, page 340 ;) " and that the discharge when thus obtained should be an immediate and effectual bar to suits instituted against the parties (charging them) in their fiduciary character." Ibid, 345. And

why should not such a discharge, if obtained pending a suit, and after issue joined, be pleaded *puis darrien* continuance. The mere commencement of a suit establishes nothing; it is notice to the defendant of a demand, to be sure, and so far as this case is concerned, it is in that regard upon the same footing as that of Gadsden vs. Jones, administrator. It is to be presumed that due notice was given according to law, and that the plaintiff had a full opportunity to be present and contest the application for a discharge; if he did so, and was dissatisfied with the judgment, he had his right of appeal; if he did not choose to defend or appeal, he has no cause to complain; if the judgment is conclusive, and he did not take care to avail himself of it as a defence at the proper stage of the proceeding, it was his own *laches*, and it cannot avail him now.

In Georgia, under a statute similar to our own, by which the condition of the discharge of an executor or administrator is, that he "has faithfully and honestly discharged the trust and confidence reposed in him, the Supreme Court of that State held the discharge a bar, both at law and in equity, unless obtained by fraud—Carter vs. Anderson, 1 Georgia Reps., 517, 518—and that in a case where infant heirs were claiming three distinctive shares of the estate. And in Smith et al. vs. T. W. Oliver, &c., Dudley's Reps., 190, the Court, after stating the requirements of the statute to obtain a discharge, (which are the same as is required by our statute,) said, upon these requirements being fulfilled, the Legislature proceeds to enact "that the executor or administrator shall be forthwith dismissed and released from all his liability as executor or administrator." "There," say the Court, "is the *finale*, the legislative announcement, that the discharge is a release."

In Rhode Island, their Probate Court has the power to grant to executors and administrators a *quietus*, which is in effect a discharge; and Mr. Justice Story, commenting upon the exercise of that authority by that Court in the case of Taylor et al. vs. Delilias, et al., 4 Mason C. C. Reps., 133, said: "Much discussion has taken place as to the nature and effect of the *quietus* granted by the Court of Probate. I am not aware (he said) that it is any where denied that the Court of Probate has complete jurisdiction in the settlement of accounts of administrators, or that its decree, when rightfully made, is not binding authority. Indeed, it would be difficult to support such a denial upon

30

principles of general law, since it is a decree of a Court of competent and peculiar jurisdiction. If it has authority conclusively (and the statute gives the authority) to settle his accounts, it certainly has authority to decree that the settlement is final, and to acquit him of further proceedings. This is the whole nature and effect of a *quietus*—a process familiar in the Court of Exchequer, (3 Comyn's Dig., title Quietus,) and probably not unknown in the Ecclesiastical Courts."

The discharge being the judgment of " a Court of peculiar and competent jurisdiction," and being an immediate release—a release that might have been pleaded *puis darrein* continuance, is, unless obtained by fraud, an effectual bar to any suit brought or pending against such executor or administrator in his fiduciary character, when properly pleaded, and is, therefore, such a defence as, if it exist before judgment against such executor or administrator, ought to be pleaded, if he intends to avail himself of it ; and if he fails to plead it then, and thereby admits the plaintiff's right to have judgment, he cannot, after the judgment, plead it, to prevent him from having execution. The demurrer to the fifth plea should have been sustained

The judgment of the Court below is, therefore, reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Per curiam.*